Edward Arnold **MANCINI**, Petitioner,

v.

**STATE OF ARIZONA and Harold J.
Cardwell, Superintendent, Arizona
State Prison, Respondents.**

**No. Civ–73–61 Phx WEC.**

United States District Court,
D. Arizona.

Jan. 13, 1975.

Bill O'Hearn, Tucson, Ariz., for petitioner.

Atty. Gen. of Arizona by Shirley H. Frondorf, Asst. Atty. Gen., Phoenix, Ariz., for respondents.

## ORDER

CRAIG, Chief Judge.

In the above entitled cause, this Court on January 24, 1973, denied petitioner's petition in forma pauperis for writ of habeas corpus, pursuant to Title 28 U.S. C. § 2254.

In due course the order of this Court was appealed, and on March 19, 1974, the United States Court of Appeals for the Ninth Circuit reversed and remanded. Apparently the problem with which the Appellate Court was concerned was whether the inquiry of the sentencing Court was sufficient under Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, with respect to petitioner's intent at the time the crime was committed.

This Court, pursuant to the mandate of the Appellate Court, conducted an additional hearing, at which hearing there was presented the record of the preliminary hearing conducted in the Justice Court of East #2 Phoenix Precinct, Maricopa County, Arizona, January 8, 1970.

In addition, there was presented to this Court the transcript of proceedings before the Superior Court of the State of Arizona in and for the County of Maricopa on March 2, 1970, at which time the petitioner changed his plea from not guilty to guilty of the charge

of assault with intent to commit murder, a felony.

There was also presented to this Court the record of the proceedings before the Superior Court of Maricopa County on March 19, 1970, conducted at the time of sentencing of petitioner.

In addition, there was presented the affidavit of the sentencing judge.

In addition, there was presented the presentence report submitted to the sentencing judge prior to sentencing. As might be expected the sentencing judge has no independent recollection of the proceedings in this specific case. The practice of the sentencing judge, however, is set forth in the affidavit with respect to the presentence report and his discussion with the probation officer prior to sentencing, and his practice to assure himself that a defendant who pleads guilty actually had committed the alleged offense.

A review of the record in this case, without anything in the record to contradict it, discloses that in the early morning hours of December 25, 1969, petitioner, while at the home of one John Gurule in Phoenix, Arizona, twice shot one Tito M. Chavez with a .22 caliber pistol. When the victim fell to the floor in a prone position petitioner then shot the victim three additional times.

A review of the interrogation by the sentencing Court at the time of sentence indicates that the sentencing judge was fully aware of the circumstances of the crime as set forth in the reporter's transcript of the preliminary hearing, and the presentence report.

■ While witnesses may see and hear, and thus be able to give direct evidence of what a defendant does or fails to do, there can be no eye witness account of the state of mind with which the acts were done or omitted. Intent may be proved by circumstantial evidence; it rarely can be established by any other means.

■■ The issue here arises out of the response of the petitioner to the inquiry of the presiding judge at the time of the change of plea as to whether petitioner intended to murder the victim, to which the petitioner responded, "I'm not sure." In response to an inquiry as to what compelled him to pull the gun out and shoot the victim, the petitioner responded, "I'm not sure." The inquiry occurred in excess of two months after the crime was committed. An express admission of guilt is not a constitutional requisite to the imposition of a criminal penalty. A judgment of conviction, based upon a plea of guilty, is justified by the defendant's admission that he committed the crime charged against him, and his consent that judgment be entered without a trial of any kind. North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162; Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747.

■ At the time of sentencing the presiding judge again interrogated petitioner as to his understanding of the plea of guilty. Petitioner was given an opportunity of allocution prior to sentence, and the sentencing judge indicated his findings of intent and the fact that the petitioner had pleaded guilty to an "intent to kill somebody". A review of the entire record indicated that the inquiry was sufficient under *Boykin, supra.*

It is ordered the petition is again denied.